

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 22cr234 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, Sections 153 and 1343 |
| | ) | |
| BECKY LOUISE SUTTON | ) | |

Judge Gary Feinerman
Magistrate Judge Maria Valdez

### COUNT ONE

The SPECIAL APRIL 2021 GRAND JURY charges:

1. At times material to this Indictment:

    a. Defendant BECKY LOUISE SUTTON was employed as a paralegal in the Chicago office of Law Firm A.

    b. Partner A was a partner in Law Firm A who worked on bankruptcy cases in the United States Bankruptcy Court for the Northern District of Illinois brought under Chapter 7 and Chapter 11 of the bankruptcy code. Partner A was appointed by the United States Trustee's Office in Chicago as a Chapter 7 panel trustee and was responsible for, among other things, administering cases pending in the bankruptcy court, collecting assets of the debtor that were not exempt under the bankruptcy code, liquidating the assets, and distributing the proceeds to creditors using fiduciary bank accounts held for their benefit. Partner A was also a liquidating trustee in Chapter 11 cases, responsible for liquidating assets and making disbursements to creditors under confirmed Chapter 11 plans.

    c. SUTTON worked with Partner A on Chapter 7 and Chapter 11 bankruptcy cases and was entrusted with assisting Partner A in preparing and filing

legal documents for the bankruptcy court and the United States Trustee, maintaining books and records for Partner A, assisting Partner A in handling general banking related matters, and assisting Partner A in facilitating distributions of estate assets to creditors from fiduciary bank accounts.

2. Beginning in or around 2009, and continuing through in or around June 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BECKY LOUISE SUTTON,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that SUTTON fraudulently embezzled funds from certain bankruptcy estate accounts involving matters on which she worked at Law Firm A, including with Partner A.

4. It was further part of the scheme that SUTTON orchestrated the fraudulent transfer of bankruptcy estate funds from fiduciary bank accounts intended for the payment of creditors to accounts in her and others' names, without authorization.

5. It was further part of the scheme that SUTTON did not send creditor checks in various bankruptcy cases to certain creditors, and fraudulently diverted

funds in the same amount as the amount owed to creditors to various accounts under her control.

6. It was further part of the scheme that SUTTON fraudulently used fiduciary bank accounts to make unauthorized distributions to the following accounts that were not entitled to receive the funds:

    a. SUTTON's personal bank account;

    b. SUTTON's personal credit card account;

    c. A student loan account in the name of SUTTON;

    d. SUTTON's personal mortgage account with Mortgage Company A; and,

    e. A PayPal account created by SUTTON.

7. It was further part of the scheme that SUTTON used a company, with a name similar to a true creditor, to disguise her fraudulent diversion of estate funds.

8. It was further part of the scheme that SUTTON filed fraudulent forms to conceal her misuse of fiduciary bank accounts and unauthorized distributions.

9. It was further part of the scheme that SUTTON fraudulently caused, or attempted to cause, losses of at least approximately $682,980 from fiduciary bank accounts associated with bankruptcy estates.

10. It was further part of the scheme that SUTTON misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purposes, and acts done in furtherance of the scheme.

11. On or about May 4, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BECKY LOUISE SUTTON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, payment instructions for approximately $6,846 in funds intended for SUTTON's personal mortgage account at Mortgage Company A in Troy, Michigan, from a fiduciary bank account for which Partner A was trustee at MB Financial Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

THE SPECIAL APRIL 2021 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about May 30, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BECKY LOUISE SUTTON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, payment instructions for approximately $8,212 in funds intended for SUTTON's personal mortgage account at Mortgage Company A in Troy, Michigan, from a fiduciary bank account for which Partner A was trustee at MB Financial Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

THE SPECIAL APRIL 2021 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about July 7, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**BECKY LOUISE SUTTON,**

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, payment instructions for approximately $8,757 in funds intended for SUTTON's personal mortgage account at Mortgage Company A in Troy, Michigan, from a fiduciary bank account for which Partner A was trustee at MB Financial Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FOUR**

THE SPECIAL APRIL 2021 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about May 4, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### BECKY LOUISE SUTTON,

defendant herein, knowingly and fraudulently appropriated to her own use, embezzled, and transferred funds belonging to the estate of a debtor in a Chapter 11 bankruptcy case that came into her charge and custody as an individual assisting the Chapter 11 Trustee in the administration of the estate, namely, approximately $6,846 in funds belonging to the estate of Midwest Banc Holdings, Inc., the debtor in Northern District of Illinois bankruptcy case no. 10-37319;

In violation of Title 18, United States Code, Section 153.

## COUNT FIVE

THE SPECIAL APRIL 2021 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about May 30, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BECKY LOUISE SUTTON,

defendant herein, knowingly and fraudulently appropriated to her own use, embezzled, and transferred funds belonging to the estate of a debtor in a Chapter 11 bankruptcy case that came into her charge and custody as an individual assisting the Chapter 11 Trustee in the administration of the estate, namely, approximately $8,212 in funds belonging to the estate of Foods Inc., the debtor in Southern District of Iowa bankruptcy case no. 14-02689;

In violation of Title 18, United States Code, Section 153.

## COUNT SIX

THE SPECIAL APRIL 2021 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about July 7, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## BECKY LOUISE SUTTON,

defendant herein, knowingly and fraudulently appropriated to her own use, embezzled, and transferred funds belonging to the estate of a debtor in a Chapter 11 bankruptcy case that came into her charge and custody as an individual assisting the Chapter 11 Trustee in the administration of the estate, namely, approximately $8,757 in funds belonging to the estate of Midwest Banc Holdings, Inc., the debtor in Northern District of Illinois bankruptcy case no. 10-37319;

In violation of Title 18, United States Code, Section 153.

## FORFEITURE ALLEGATION

The SPECIAL APRIL 2021 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment,

BECKY LOUISE SUTTON,

defendant herein, shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes but is not limited to a personal money judgment in the amount of approximately $611,263.

3. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

                    A TRUE BILL:

                    _____
                    FOREPERSON

_____
UNITED STATES ATTORNEY